GEORGIA SOUTHERN & FLORIDA RAILROAD CO. *v.* JONES.

It being conceded, on the trial of an appeal from the verdict of a jury summoned by the sheriff in a statutory proceeding to assess damages claimed by a land-owner against a railroad company for appropriating his land and constructing a railroad over the same, that the value of the land actually taken and used by the company was four hundred dollars, for which amount only a verdict in favor of the land-owner was rendered on the appeal, and there being evidence of other and additional damages to his land beside that so taken and used, the court below did not abuse its discretion in granting the plaintiff a new trial.    *Judgment affirmed.*
August 27, 1892.

New trial. Damages. Railroads. Before Judge HANSELL. Lowndes superior court. · November term, 1891.

This case originated in a statutory proceeding to assess damages claimed by Jones against the railroad company for running its right of way and constructing its road through certain lands of Jones. The jury · summoned by the sheriff found in favor of Jones $700, and an appeal was taken to the superior court by the railroad company. There was a verdict in that court for the plaintiff for $1,150. The case was again tried, and upon the last trial the jury found for the plaintiff $400. He moved for a new trial upon the grounds that the verdict was contrary to law, evidence, thoroughly and decidedly against the weight of evidence and the principles of equity, justice and good conscience. The judge granted a new trial, with this statement: When the case was before the jury there was no question made as to the value of the land. It was claimed by Jones and admitted before the jury by counsel for the road, that he should be allowed $400 for the land appropriated by the railroad company for right of way, and the only question was if there was any damage beside, and if so how much. The jury found the $400 only. On review of the evidence it seems clear that there was other damage, and no counter-evidence to offset it. The fact seems proved that such damage was done, and the plaintiff was entitled to some damages therefor, etc.

The plaintiff testified, that besides the land appropriated by the railroad it caused him to throw out two or three acres which was open land in cultivation, and which, because of the running of the railroad, he could not keep in cultivation; that the land appropriated and the land he was compelled to abandon amounted to fourteen or fifteen acres ; that the running of the right of way necessitated his moving his whole line of fence

from one side to the other of the railroad, which threw
the railroad into his pasture, that the right of way is
not fenced; that he was compelled to move his gates
three times ; that it is much more inconvenient now for
him to get his timber than it was before the road was
built, and it compels him to haul his rails at least half
a mile further; that the railroad, in constructing its
road-bed and right of way, destroyed a portion of a
dam on the premises so that it could not be repaired,
and so that he could not use it without infringing upon
the road-bed, which has decreased the value of his en-
tire lot of land, etc.; that the railroad has not benefited
the land; that the land that was appropriated by the
railroad, fourteen or fifteen acres in all, was worth $25
per acre, and the land had been damaged, outside of the
land actually appropriated, $2,000 at least; that the
road running through the place damaged the land
$1,000, and the deprivation of the water power caused
a damage of $1,000 more ; that when the road came the
dam had a break in it, which had been there two, three
or four years, and he had temporarily abandoned it,
and he had stated before that he did not know that he
would use it again for power purposes, but did intend
to build it up again for pleasure, fishing, etc.   Another
witness gave testimony tending to corroborate that of
the plaintiff.   The testimony of these two was the only
evidence before the jury.

GUSTIN, GUERRY & HALL, for plaintiff in error.

D. W. ROUNTREE, contra.